IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONCEPT ENGINEERING LLC,<br><br>Plaintiff,<br><br>v.<br><br>PINTEREST, INC.<br><br>Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff Concept Engineering LLC ("Concept Engineering" or "Plaintiff"), for its Complaint against Pinterest, Inc. ("Pinterest" or "Defendant"), alleges and states as follows:

### NATURE OF THE ACTION

1. This is an action for direct and contributory copyright infringement under the Copyright Act, 17 U.S.C. § 101, *et seq.*; and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201 and 1202.

### THE PARTIES

2. Plaintiff Concept Engineering is an Estonian corporation, with a principal place of business at Katusepapi 6, Tallinn, Estonia.

3. Defendant Pinterest is a Delaware corporation with a principal place of business in California and conducts business in this judicial district. Pinterest may be served with process through its registered agent, The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

### JURISDICTION AND VENUE

4. This action arises under the copyright laws of the United States, 17 U.S.C. §§ 101

1

*et seq.* and Delaware common law. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.

5. Pinterest is subject to the personal jurisdiction of this Court because, among other things, it is incorporated in the state of Delaware and Pinterest's complained of actions took place, in substantial part, in Delaware. Pinterest is subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Delaware Long-Arm Statute, due at least to its significant business in this forum, including a substantial portion of the infringements alleged herein. Furthermore, Pinterest is subject to this Court's specific and general personal jurisdiction because Pinterest is a Delaware corporation.

6. Pinterest has made unauthorized copies, displayed, distributed, and made available for download, copying, and further distribution Concept Engineering's copyrighted materials within this state, thereby committing and continuing to commit, acts of copyright infringement alleged herein. In addition, Pinterest has derived substantial revenues from its infringing acts occurring in Delaware. Further, Pinterest is subject to the Court's general personal jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Delaware. Further, Pinterest is subject to the Court's personal jurisdiction at least due to its sales and services within Delaware. Pinterest has committed such purposeful acts and/or transactions in Delaware such that it reasonably should know and expect that it could be haled into this Court as a consequence of such activity.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and § 1400(a) because Pinterest conducts business in Delaware, is incorporated in Delaware, and maintains a registered agent in the district, and a substantial part of the events that give rise to this Complaint occurred in this judicial district.

## GENERAL ALLEGATIONS

**Plaintiff Concept Engineering LLC**

8. Concept Engineering is an international architecture firm that has developed and owns a vast collection of architectural works, house plans, and renderings, which it markets and licenses to customers worldwide. The majority of Concept Engineering's customers are located in the United States. Concept Engineering owns the intellectual property rights, including all copyrights, in its architectural works, house plans, and renderings, and has registered many of them with the U.S. Copyright Office. *See* Exhibit A attached hereto (a list of Concept Engineering's federally registered copyrighted works subject to this Complaint) (the registered works are referred to herein as the "Concept Works").

9. When Concept Engineering registers its works with the U.S. Copyright Office, it uses a standard naming convention that includes "CH" referring to Concept Engineering's brand "ConceptHome" and the numbers corresponding Concept Engineering's specific works. For example, "House Plan CH679," "House Plan CH680," "House Plan CH681."

10. Likewise, Concept Engineering uses a standard file naming convention for all of its copyrighted works, including the Concept Works. Like the copyright registrations, the file names wholly incorporate the titles identifying the copyrighted works, such as "001_House_Plan_CH679," "002_House_Plan_CH679," "002_House_Plan_CH680" with CH referring to Concept Engineering's brand "ConceptHome" and the numbers corresponding Concept Engineering's specific works.

11. Concept Engineering ensures that all authorized copies of the Concept Works include Copyright Management Information ("CMI") in the form of the file name, embedding CMI metadata in image files, and URL backlinks to Concept Engineering's website found at concepthome.com (the "Concept Website") (together, file naming, the use of metadata, and

3

backlinking to the Concep Website is referred to as "Concept's CMI"). The various forms of Concept's CMI identify Concept Engineering as the copyright owner of the works and allow Concept Engineering to prevent and detect copyright infringement.

12. File names are an essential part of Concept's CMI for the Concept Works. When files are named according to a standard convention and include CMI like the work-identifying name, then it is quite easy for the copyright owner to police infringements because the works are easily searchable and identifiable by the file name. Indeed, Concept Engineering has used this method for protecting and preventing infringement for many years, naming its files according to a standard identifying convention and then using different search engines to search for these names and thereby finding infringing uses of its works.

13. In November 2020, to further protect its works and prevent customers, internet users, or other third parties from downloading and copying images from the Concept Website, Concept Engineering disabled the ability to right-click images on the Concept Website ("Concept's Right-Click Copy Protection"), thereby preventing the downloading, copying, and saving of images that appear on the Concept Website, including images from the Concept Works. Thus, if a customer, internet user, or other third party attempts to right-click images on the Concept Website, they encounter a pop-up message stating, "It is forbidden to download images from this website. This is a copyright violation," as follows:



14. Preventing the ability to right-click on an image is a standard technical measure

4

commonly used by website owners to prevent unauthorized copying, downloading, and distribution of their content.

15. In addition to Concept's Right-Click Copy Protection, Concept has implemented the Google reCAPTCHA security feature for the purpose of ensuring that the website user is a human ("Concept's CAPTCHA"). A "CAPTCHA" (a Completely Automated Public Turing test to tell Computers and Humans Apart), is a website security feature that seeks to distinguish humans visiting a website from automated programs. Pinterest's automated crawler, which makes unauthorized copies from the Concept Website, among other Pinterest tools, has systematically circumvented this standard security feature.

16. Concept's CMI, Concept's Right-Click Copy Protection, and Concept's CAPTCHA (together, "Concept's Copyright Protection System") are are measures commonly used by copyright owners to identify and protect copyrighted works and to prevent and detect copyright infringement. These measures have developed pursuant to a broad consensus of copyright owners and service providers. The use of CMI, disabled right-click functionality, and CAPTCHA, such as in Concept's Copyright Protection System, do not impose substantial costs on internet service providers or substantial burdens on their systems or networks.

17. Concept has maintained and displayed terms and notices on the Concept Website (the "Concept Website Terms") that are binding on all visitors to the Concept Website. All Concept Website Terms and notices are clearly visible to every person and are machine-readable.

18. In essence, the Concept Website Terms are straightforward, and Concept has required its visitors over the years to comply with one main obligation: preventing unauthorized copying of images from the Concept Works from the Concept Website.

19. Concept has maintained certain notices of the Concept Website Terms. The first notice is located in the footer of the Concept Website: "Concept Engineering LLC © 2010 – 2025"

[latest version].

20. The second notice of the Concept Website Terms appears on the page of each inage of a Concept Work: "Copyright © 2010-2025 Concept Engineering LLC. All rights reserved. By Using This Website, You Agree to the Following Terms. By accessing or using this website, you agree not to copy, edit, reproduce, or distribute any content without prior written permission from the copyright owner. Unauthorized use constitutes copyright infringement" [latest version].

21. The third notice of the Concept Website Terms is embedded within the metadata of each image file: "DO NOT COPY THIS IMAGE FROM WWW.CONCEPTHOME.COM. DO NOT RENAME THIS FILE. DO NOT DISPLAY THIS IMAGE ON YOUR OWN WEBSITE. File name includes CMI" [latest version].

**Defendant Pinterest, Inc.**

22. Pinterest portrays itself as a neutral intermediary and service provider that hosts only user-uploaded content, allegedly protected by the safe harbor provision of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c).

23. Upon information and belief, Pinterest's portrayal of itself as a neutral intermediary is a gross mischaracterization. In truth, Pinterest is an active participant in the unauthorized copying and public display of copyrighted content, including images from the Concept Works. Pinterest copies images from across the internet—including directly from the Concept Website—and stores them on its own servers using automated crawlers, bots, automated scripts, independent contractors, agents, and other hired workers under its direction and control. In an effort to qualify for the safe harbor protections of the Digital Millennium Copyright Act, 17 U.S.C. § 512(c), Pinterest has intentionally concealed its own direct role in the unauthorized acquisition and use of copyrighted material, including images from the Concept Works.

24. After making unauthorized copies to its servers, Pinterest uses these images solely

for its own benefit by displaying them in various locations, including on Google as part of its paid search engine marketing campaigns. Exhibits B and C attached hereto are Pinterest's admissions that it crawls the internet to make unauthorized copies of images on its servers, including images from the Concept Works.

25.     For the avoidance of doubt, Concept has not licensed a single image from these Concept Works to Pinterest or any third-party user for display outside of the Concept Website. Not a single allegation in the Complaint originates from, concerns, or relates to, Concept's access to or use of the Pinterest platform, whether as a user or non-user. Pinterest has been on notice since at least January 2021 that any unauthorized copying of images from the Concept Website constitutes copyright infringement.

26.     Pinterest is aware of the Concept Website Terms, having continuously and systematically downloaded HTML pages and image files from the Concept Website that contain and display those terms.

27.     Files that include the Concept Website Terms are stored by Pinterest on its own servers and, as such, are continuously available to Pinterest.

**SPECIFIC ALLEGATIONS**

28.     The claims and allegations in this Complaint originate from and relate to Pinterest's access to the Concept Website, where the Concept Website Terms are the sole authority.

29.     The claims and allegations in this Complaint relate to Pinterest's unauthorized copying, downloading, saving, distributing, and use of images from each of the Concept Works from the Concept Website. Pinterest removes CMI from the Concept Work image files that it copied without authorization to its servers and displays such images in various locations on the internet without authorization and for Pinterest's own benefit.

30.     Further, the Concept Works have been directly infringed by third parties. Without

Concept Engineering's permission or authority, third parties have copied, downloaded, uploaded, and distributed unauthorized copies of image files from the Concept Works—using tools, methods, and encouragement provided by Pinterest to the third parties to carry out such copying by third parties.

31. Thus, claims and allegations in this Complaint also relate in part to third parties' access to the Concept Website, where Pinterest actively, knowingly, and substantially contributed to such third parties' direct infringement of the Concept Works from the Concept Website. Pinterest had and has actual knowledge of the infringements by third-party internet users, Pinterest has the ability to employ simple measures to stop the infringement, but Pinterest has refused to take the simple measures to prevent third-party direct infringement of the Concept Works from the Concept Website.

**Pinterest Circumvents Copyright Protection Systems and Technological Tools**

32. Pinterest has circumvented Concept's Copyright Protection System through various means, including by using automated systems and programs such as crawlers, bots, and scripts, and by using manual methods.

Pinterest's Unauthorized Copying

33. Pinterest has employed automated crawlers, automated bots, automated scripts, and other automated methods to make unauthorized copies of images from the Concept Works from the Concept Website, and Pinterest has downloaded, saved, and stored these unauthorized copies on its servers.

34. Upon information and belief, Pinterest has employed manual methods, such as by employing individuals and agents and hiring third parties and independent contractors to make unauthorized copies of images from Concept Works from the Concept Website, and Pinterest has downloaded, saved, and stored these unauthorized copies on its servers.

35. Specifically, by the methods identified in the previous paragraphs 33 and 34, among other methods, Pinterest searches for and scrapes fresh content by crawling the internet, including the Concept Website. Pinterest downloads full HTML pages from the Concept Website, extracts image locations from the HTML, and then makes unauthorized copies of those images on its servers for Pinterest's use, profit, and display without authorization.

36. Importantly, by downloading HTML pages from the Concept Website, Pinterest also downloads the Concept Website Terms, which prohibit unauthorized copying of images from the Concept Works, to its servers. Further, the Concept Website Terms that prohibit the copying of images from the Concept Website are embedded in the very same files that Pinterest copies.

37. Additionally, Pinterest makes unauthorized copies of images from the Concept Works on the Concept Website when third parties and Pinterest employees, agents, partners, and contractors activate Pinterest bookmarking scripts on the Concept Website. This type of unauthorized copying is made covertly.

38. Pinterest has made several unauthorized copies of images from each of the Concept Works. Upon information and belief, Pinterest has at least eight times more unauthorized copies of images from the Concept Works under its direct control than Concept has original files on its own server.

<u>Pinterest's Removal of Concept Engineering's CMI in the Form of File Names</u>

39. After saving unauthorized copies of image files from the Concept Works from the Concept Website to its servers, Pinterest renames the files from Concept Engineering's naming convention, including Concept's CMI, to its own standard. In doing so, Pinterest removes CMI from the filenames of images from the Concept Works.

40. Pinterest knowingly and intentionally renames and removes CMI from image files of images from the Concept Works in order to facilitate and conceal the unauthorized display of

9

those same images for its own benefit.

41. Pinterest also removes CMI from the metadata of images from the Concept Works, further facilitating and concealing its unauthorized display of those images.

<u>Unauthorized Display of Unauthorized Copies of Concept Work Image Files</u>

42. After saving unauthorized copies of image files of images from the Concept Works to its servers and removing Concept's CMI, including file names, from the images and image files, Pinterest displays the unauthorized copies—without Concept's CMI—in various locations for Pinterest's own benefit.

43. Pinterest uses image files of images from the Concept Works in Pinterest's Google Search Engine Optimization (SEO) campaigns. Exhibit D attached hereto demonstrates that Pinterest uses Google SEO for Pinterest's marketing purposes.

44. Pinterest has used various methods to achieve maximum efficiency—maximizing the number of unauthorized displays of unauthorized copies of images from the Concept Works— in Pinterest's Google SEO campaigns.

45. Pinterest has created "landing pages" for its Google SEO campaigns in order to display unauthorized copies of images from the Concept Works in the following way: Pinterest downloads the HTML pages of images from the Concept Works, filters out the SEO metadata from the HTML, manipulates and incorporates that SEO metadata into its own HTML pages for use in Google SEO campaigns, and then Pinterest displays, without authorization, the images from the Concept Works from its own HTML pages as part of the campaign. Concept Engineering's records show that Pinterest uses the H1, H2, image alt tags, and title from the Concept Website to create its own HTML "landing pages."

46. Landing pages are HTML pages with distinct and specific URLs, developed by Pinterest to list and display, without authorization, copies of images from the Concept Works in

Google.

47. Pinterest has used unauthorized copies images from the Concept Works as part of its Google SEO in a manner that is profoundly destructive to Concept Engineering's business. For instance, Pinterest has created landing pages to target keywords related to unauthorized copies of images from the Concept Works. For example, Exhibit E attached hereto is a representative example of how an unauthorized copy made by Pinterest of an image from a Concept Work, Concept Work House Plan CH686, is displayed on Google following a Google search related to this Concept Work. Simply put, if someone searches on Google for "House Plan CH686" on Google, they will find in a top spot in the Google search result an unauthorized copy of an image from Concept Work House Plan CH686 hosted on Pinterest's server, used as an ad for Pinterest's benefit. Accordingly, Pinterest is using unauthorized copies of images from Concept Works to drive traffic to Pinterest's website. Exhibit E additionally shows how Pinterest has benefited from duplicate images, made by itself, without CMI, to gain top locations in Google search results.

48. Pinterest has developed and refined its methods over time to achieve maximum efficiency—maximizing the number of unauthorized displays of copies of images from Concept Works—in its Google SEO campaigns. Notably, by Pinterest's own admission, since 2024 it has used generative AI to analyze the content corpus of unauthorized copies of images from the Concept Works. *See* Exhibit D attached hereto, Pinterest's explanation of its use of generative AI.

49. Google SEO campaigns are critical to Pinterest's "Monthly Active User" numbers and Pinterest's new user acquisition. As such, Google SEO is essential to Pinterest's cash flow and market value. One-third of Pinterest's "Monthly Active Users" and half of its new sign-ups can be attributed to Google SEO.

50. Pinterest has also displayed unauthorized copies of images from the Concept Works, without Concept's CMI, on various webpages—some controlled directly by Pinterest,

others controlled by third parties. On many occasions, unauthorized copies of images from the Concept Works are used with altered back-links, which are also a form of CMI, as ads to Concept Engineering's competitors, causing profound damage to Concept.

## COUNT I
### (Direct Copyright Infringement)

51. Concept Engineering repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

52. Concept Engineering owns all copyrights in the Concept Works, including all images from the Concept Works. The Concept Works are original works fixed in a tangible medium of expression and are registered with the U.S. Copyright Office. Registration Numbers for the Concept Works that have been infringed by Pinterest are identified in Exhibit A hereto.

53. Pinterest had access to Concept Engineering's copyrightable works, including the Concept Works, through its access to the Concept Website by using automated crawlers, bots, automated scripts, and manual methods, including but not limited to through Pinterest's agents and independent contractors, Pinterest's employees, Pinterest's Content Team, Pinterest's Curation Team.

54. Pinterest made unauthorized copies, displayed, distributed, and made available for download, copying and further distribution, the Concept Works, all in violation of Concept Engineering's exclusive rights as the copyright holder, under 17 U.S.C. § 106.

55. Concept Engineering has been irreparably harmed by Pinterest's copyright infringements, entitling Concept to injunctive relief. Upon information and belief, Pinterest will continue to infringe the copyright in Concept Engineering's copyrightable works, including the Concept Works, unless enjoined by this Court.

56. Concept Engineering has sustained damages because of Pinterest's copyright

infringement.

57. Concept Engineering seeks and is entitled to, at its election, statutory damages in accordance with 17 U.S.C. § 504, of up to $150,000 for each of the Concept Works Pinterest infringed.

58. In the alternative to statutory damages, Concept Engineering seeks monetary relief, including to recover actual damages, such as Concept Engineering's losses and Pinterest's profits attributable to the copyright infringement.

59. Concept is entitled to recover costs and attorney fees in accordance with 17 U.S.C. § 505.

## COUNT II
**(Circumvention of Copyright Protection Systems – 17 U.S.C. §§ 1201, *et seq.*)**

60. Concept Engineering repeats, realleges, and incorporates by references each and every allegation contained in the above paragraphs as though fully set forth herein.

61. To protect its works and prevent internet users and third parties from downloading and copying images from the Concept Website, including images from the Concept Works, Concept Engineering disabled the ability to right-click images on the Concept Website via Concept's Right-Click Copy Protection, thereby preventing download, copying, and saving the images from the Concept Website.

62. To protect its works and prevent automated systems and third parties in control of such automated systems from downloading and copying images from the Concept Website, including images from the Concept Works, Concept Engineering implemented Concept's CAPTCHA, thereby preventing automated programs from making unauthorized copies of the Concept Works.

63. Pinterest circumvents Concept Engineering's technological measures that

13

effectively control access to copyrighted works, and Pinterest provides tools for bypassing Concept's Copyright Protection System in violation of 17 U.S.C. §§ 1201(a)(1) and (a)(2).

64. Pinterest's circumvention of Concept's Copyright Protection System constitutes a separate and independent unlawful act and claim for relief from those stated in Count I.

65. Concept Engineering has sustained and will sustain damage as the result of Pinterest's violations.

66. At its election, Concept Engineering is entitled to an award of the maximum statutory damages as permitted by 17 U.S.C. § 1203(c)(3).

67. In the alternative to statutory damages, Concept Engineering is entitled to recover for those actual damages incurred as well as Pinterest's profits attributable to the violation, per 17 U.S.C. § 1203(c)(2).

68. Pinterest's conduct, unless enjoined and restrained by this Court, will cause immediate and irreparable injury to Concept Engineering, which has no adequate remedy at law. Pursuant to 17 U.S.C. § 1203(b)(2), Concept Engineering is entitled to preliminary and permanent injunctions prohibiting Pinterest's further violations of 17 U.S.C. § 1201.

69. Concept Engineering is entitled to recover costs and attorney fees in accordance with 17 U.S.C. § 1203.

## COUNT III
### (Removal of Copyright Management Information - 17 U.S.C. § 1202(b))

70. Concept Engineering repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

71. At all times, all authorized copies of the Concept Works include CMI in the form of the file name, metadata embedded in the image files, and a URL backlink to the Concept Website.

72. Concept Engineering has used this CMI, including Concept's CMI, to prevent and detect infringement.

73. Pinterest, without Concept Engineering's authority, intentionally removed this CMI, including Concept's CMI, from images from the Concept Works.

74. Pinterest knows, or has reasonable grounds to know, that the removal or alteration of CMI from the Concept Works, or the display of images from the Concept Works with CMI removed, will induce, enable, facilitate, and/or conceal infringement of Concept Engineering's copyrighted works.

75. By removing the file names and changing the backlinks, Pinterest ensures that copyright owners, including Concept Engineering, are prevented from identifying infringement. Indeed, Pinterest deliberately removes indicia of copyright ownership to conceal its own infringement and actively thwart Concept Engineering from policing misuse.

76. Upon information and belief, Pinterest exercised complete control over the programming that resulted in the removal of the CMI from the Concept Works.

77. By reason of its CMI removal, Concept Engineering has sustained and will continue to sustain substantial injury, loss, and damage to Concept Engineering's ownership rights and is entitled to seek recovery of those damages under 17 U.S.C. § 1203(c)(2).

78. At its election, Concept Engineering is entitled to an award of the maximum statutory damages as permitted by 17 U.S.C. § 1203(c)(3).

79. In the alternative to statutory damages, Concept Engineering is entitled to recover any gains, profits, and advantages Pinterest obtained as a result of its removal of CMI from the Concept Works under 17 U.S.C. § 1203(c)(2).

80. Pinterest's conduct, unless enjoined and restrained by this Court, will cause immediate and irreparable injury to Concept Engineering, which has no adequate remedy at law.

Pursuant to 17 U.S.C. § 1203(b)(2), Concept Engineering is entitled to preliminary and permanent injunctions prohibiting Pinterest's further violations of 17 U.S.C. § 1202.

81. Concept Engineering is entitled to recover costs and attorney fees in accordance with 17 U.S.C. § 1203.

## COUNT IV
### (Contributory Copyright Infringement)

82. Concept Engineering repeats, realleges, and incorporates by reference each and every allegation contained in the above paragraphs as though fully set forth herein.

83. Pinterest has facilitated and enabled third-party copying and infringement of the Concept Works from the Concept Website by designing and operating a system that provides and promotes tools that enabled third parties to circumvent Concept Engineering's copyright protection measures. This system enabled and enables users to copy, download, and distribute images from the Concept Works without authorization.

84. Pinterest actively interferes with standard technical measures employed by Concept Engineering to identify and protect the Concept Works.

85. Pinterest provides third-party internet users with tools that obstruct Concept Engineering's enforcement efforts and that conceal, encourage, and facilitate continued and additional unauthorized copying and infringement of the Concept Works.

86. Pinterest's actions and inactions knowingly induced, caused, or materially contributed to third-party infringement of the Concept Works, including Concept Engineering's exclusive rights to reproduce, distribute, and display the Concept Works.

87. Pinterest had and has actual knowledge of the infringements by third-party internet users.

88. Pinterest has the ability to employ simple measures to stop the copying and

infringement by third-party internet users of the Concept Works from the Concept Website.

89. Pinterest has refused to take the simple measures to prevent third-party direct infringement of the Concept Works from the Concept Website.

90. Concept Engineering has been irreparably harmed by Pinterest's contrinutory copyright infringements, entitling Concept to injunctive relief. Pinterest will continue to enable and facilitate third-party internet users copying and infringement of the Concept Works from the Concept Website, unless enjoined by this Court.

91. By reason of Pinterest's acts of contributory infringement as alleged above, Concept Engineering has sustained damages.

92. Concept Engineering seeks and is entitled to, at its election, statutory damages in accordance with 17 U.S.C. § 504, of up to $150,000 for each of the Concept Works infringed.

93. In the alternative to statutory damages, Concept Engineering seeks monetary relief, including to recover actual damages such as Concept Engineering's losses and Pinterest's profits attributable to the contributory copyright infringement.

94. Concept Engineering is entitled to recover costs and attorney fees in accordance with 17 U.S.C. § 505.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Concept Engineering prays that this Court enter judgment as follows:

1. For Concept Engineering and against Pinterest on all counts of the Complaint;

2. That Pinterest, its agents, employees, contractors, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with, Pinterest, or any of them, be enjoined and restrained preliminarily and permanently from:

    a. direct infringement of the Concept Works by Pinterest under

17 U.S.C. § 501 *et seq.*;

      b.    circumvention of Concept Engineering's Copyright Protection System under 17 U.S.C. § 1201;

      c.    removal of CMI by Pinterest from the Concept Works under 17 U.S.C. § 1202(b); and

      d.    continuing to perform in any manner whatsoever any of the acts complained of in this Complaint;

3.    An order requiring the deletion and destruction of all copies made by or under the control of Pinterest of images from the Concept Works and all articles by which such copies may be reproduced under 17 U.S.C. § 503.

4.    An award of compensatory, consequential, statutory, exemplary, and punitive damages to Concept Engineering, including, at Concept's election, Pinterest's unlawful gains, in an amount to be determined at trial.

5.    At Concept Engineering's election, an award of statutory damages in accordance with 17 U.S.C. §§ 504 and 1203.

6.    An award of interest, costs, and attorney fees incurred by Concept Engineering in prosecuting this action, pursuant to 17 U.S.C. §§ 505 and 1203; and

7.      An award of any such other remedy, legal or equitable, as this Court deems just and proper.

Dated: July 3, 2025                            **S**EITZ, **V**AN **O**GTROP & **G**REEN, P.A.

                                                            */s/ James S. Green, Jr.*
                                                            R. Karl Hill (#2747)
                                                            James S. Green, Jr. (#4406)
                                                            222 Delaware Avenue, Suite 1500
                                                            Wilmington, DE 19801
                                                            (302) 888-0600
                                                            khill@svglaw.com
                                                            jsgreen@svglaw.com

                                                            *Counsel for Plaintiff Concept Engineering LLC*